Please approach the bench and introduce yourself to the court. Well done Martinovich, on behalf of Lake County Grading and Appellant. Good morning Your Honor, David I. E. I. D. E. on behalf of the appellee, F. C. L.  Thank you, Your Honor. Mr. Appellant, are you going to reserve some time for rebuttal? Yes, I am, Your Honor. Okay, you have 15 minutes. How much are you going to reserve for rebuttal? I'll reserve five, Your Honor. Okay, all right, let's proceed. Thank you, Your Honor. Both the appellee's counsel and myself have spoken a lot of ink on the Conti case, but I respectfully submit that the Conti case doesn't control here and it really doesn't have anything to do with this case and the language in this case. There is no if or when in the contract between Lake County Grading and F.C.L. I have a question regarding the contract, the subcontract, Section C. Why haven't you relied on that section? Doesn't it literally say that you're entitled to payment as long as you perform on the project? Section C says the contractor agrees to pay subcontractor for the full, faithful, and complete performance of a subcontract, the sum of $117,000 subject to additions, blah, blah, blah, blah, blah. Well, we rely on the contract, but they've raised as an affirmative defense the language in 5.1. Yeah, but doesn't that clearly state that you're entitled to payment? I think it does, but they're saying, and we're here because the trial court relied on 5.1 saying that trumped the rest of the contract terms. Well, don't we look at a contract as a whole? We do, Your Honor, and that's really my argument in terms of supporting this entire contract because we've got the contract and the terms that Eppley is trying to look in isolation, and then we look at the fact that this subcontract incorporates the terms of the general contract. And when you look at that, the FCL had an obligation under that contract to confirm that there was unconditional monies available for the payment of that contract. We had a right to rely on that. Not only do we have a right to rely on that, but that formed the entire contract. That reflects the intent of the parties not to have a condition precedent that prevents someone who performs fully from being paid. And it's uncontested that FCL did not fulfill that condition. They made no efforts, certainly no reasonable efforts, to ascertain that funding was available. So is your position that the contract is ambiguous or it's unambiguous? No, it's if you incorporate the Well, my question is what's your position here? Are you arguing that the contract here is ambiguous or unambiguous? Well, it's unambiguous that there is no condition precedent. In my view, the term and doesn't create a condition precedent for the reasons I set forth in my reply brief. And I again want to I don't want to overburden the Court by looking at the cases I've cited in the past in the briefs, but Midwest Builders Distributors v. Lord & Essex. The Court goes on to point out, to ameliorate the strict enforcements of condition precedents, courts have developed the following doctrine,  to the agreement, which FCL was. And that condition is for the benefit, the condition for the benefit of FCL. They are required to use reasonable efforts to have that condition occur. And again, it's uncontroverted that they did not do that. The two depositions that are before this Court establish that. So when you read the contract as a whole, incorporate whether you incorporate the general contract with the subcontract or not, you still don't have a condition precedent with the language. It doesn't come close to Conte. And it doesn't support the suggestion that this is a condition precedent. So looking at the whole of the contract, I think it's clear the intent of the parties was not to shift the burden of forfeiture onto lay congregating, but that FCL undertaking its burden with respect to the original contract to confirm that monies were available without any conditions precedents. And I think that's the language used in the general contract. They failed to do that. And consequently, their affirmative defense must be stricken. And I will submit that this Court should reverse the summary judgment motion. Regarding the enforcement of the lien, your client enforced its lien through the Mechanics Lien Act. Correct. And reached a settlement with the bank. So given the fact that we're dealing with construction, isn't the Mechanics Lien lawsuit or act here the appropriate remedy, and therefore we shouldn't look at a breach of contract? No, it's not the exclusive remedy. You can proceed with both Mechanics Lien and contract. And that's what we did in this case. We settled with the bank. At the time the Supreme Court held that Cypress, I forget the full name of the case, but they basically eviscerated Mechanics Lien Act when you had a mortgage that was far in excess of the value of the property. The legislature has since remedied that. But at that time, that's what we elected to settle, because that's all we could have gotten under Mechanics Lien Act as far as our Mechanics Lien rights went. But we still had our contractual rights, and hence we proceeded in that respect. Had we still had our Mechanics Lien rights, the statute under Section 21 prohibits the application of any condition precedence. And I think when the parties entered into this contract, knowing the state of the law, I'm not sure that anybody could have anticipated that a condition precedence would have existed, but for the strange set of facts that evolved. Back in 2008, the economy was upside down, and we had to take whatever remedy was available to us at the time. So part of your argument is the fact that this is the way business is done in this area. You have an owner, you have a general, and then you've got a subcontractor. And in order for the subcontractor to get paid, the contractor has to get paid from the owner, right? Well, it's kind of implicit that that's the arrangement that all the parties agreed to. So my question is, why wasn't there a lack of assumption of risk provision in the contract? I mean, if you're saying that, you know, your client now incurred the risk, and they should have incurred the risk, why wasn't there an assumption of risk provision in stating that your client would not assume the risk? Well, it's not necessary, because if you read the contract, at least our position is we're not assuming any risk. There's no condition precedence. What you described is, not in all instances, but in many instances, the way the reality works, the owner will have to pay, usually sometimes pays a contractor, not always. Many contractors, such as FCL, are very liquid, so to speak, and able to endure any loss. But our contract didn't shift any risk to us. That's the bottom line. But for their assertion that there was a condition preceding, we don't read one in there. I don't think the plain reading of this contract is, well, there's a condition preceding. Okay. Thank you. Thank you. May it please the Court, counsel, David Allen for FCL. I think counsel may have been constantly up there, just as raised by your reference to a subsection C. Yes. I didn't catch what that subsection was either. It was in the subcontract. It's in the subcontract, and it reads that the contractor agrees to pay the subcontractor to fulfill faithful and complete performance of the subcontractor, and then it lays out the sum. Is there a page reference for that? Page reference in the contract with the subsection. Do you have as to what section it is that you're reciting from? It's section C. It's the subcontract between FCL and LCG, and it says that the contractor agrees to pay the subcontractor. Oh, I see. I'm sorry. My copy was covered up at the very top. Yeah. Okay. Well, that's the general provision laying out what the dollar amount is going to be, and it says, and the words that follow right after that are, in accordance with the terms and provisions of the subcontract documents, including without limit to Article V of this contract, and if you turn to Article V, that contains the payment provisions that are at issue that have been set before. But doesn't that require your client to pay Lake County here? It requires payment under the terms exactly as it says. It says subject to and pursuant to Article V. Right. So if one has to understand how the payment's going to be made and when the payment's due, one has to look to Article V, and that lays out the two conditions preceding that to perform the work. Where is it in Article V does it say that there's a condition preceding? It lays out in Section 5.2 two requirements. My question is more where are the words condition preceding? The words condition preceding are not there. There's no requirement under Illinois law that a contract has to say the words, this is a condition preceding. I cite the case Carolina v. Kim, for example, first district case, which required a certificate for payment from an architect before a payment would be due to the builder. That didn't contain any word if. That didn't contain the words this is a condition preceding. The court went on the whole that that clearly was a condition preceding. Well, the law holds, you know, the law holds that you don't have to use the word condition preceding, but it's a good idea. I can't argue with that. If you had the word condition preceding, we wouldn't be here today. I can't argue with that, Your Honor, and perhaps people can take lessons. Okay. So what you have to, you know, be able to show us is that there really is a condition preceding, not just one for payment. That's right. And I think when one looks at 5.2, one can see that the parties agreed at the outset as to how it was they were going to allocate the loss as between the two parties. If the situation ever arose where the owner did not make payment, then the parties have to decide who's going to bear that loss. Is it going to be the subcontractor who incurs? It doesn't say that. It doesn't say that, but it says two things. It says, first, the subcontractor has to perform the specified work to the satisfaction of the owner and the contractor. And, it has the word and, showing that there's two things that have to be performed here. That second requirement is that the general contractor has to receive payment in full. Those are two things that are listed right there that have to happen before payment can become due and owing from the general contractor to the sub. And that second requirement of payment from the owner was never fulfilled. And that's the reason why the payment. What's the best case that you have that would support your position? I would point to two. I would point to the Kilianek v. Kim case for the general operation of how conditions preceding work and how they're formed. And I would look at the Conti case as to a specific example in the context of a subcontract. In Kilianek, factually, it's not on point with the scenario we have here. Because in Kilianek, it was subject to whether or not there was going to be satisfaction of the work that was performed. And the architect was not satisfied with the work that was performed. Therefore, the condition preceding wasn't satisfying. Here, there's no question that they performed faithfully under the contract, that there was no question about the quality of the work. Therefore, where's the condition preceding there with regards to that in reference to Kilianek? That's agreed to. The cases are not identical in the facts. They're simply, Kilianek is simply useful to see how conditions preceding arises and what kinds of language is necessary to create a condition preceding. The condition preceding, in that case, was the issuance of the certificate from the architect. So where does 501 say that if the owner is unable to monetarily comply with their obligation, then you are no longer responsible for having to fulfill a new part of the contract as to the subcontract. It says, and the contractor has received from the owner payment in full. That's the second of two requirements that are stated there. And the subcontractor wants to, in this case, wants to ignore it. And his reason for suggesting that we ignore it is that it doesn't have the word if at the beginning or it doesn't contain the words that say literally what follows is a condition preceding. But that's not the way contract interpretation works. That's not the law in the state of Illinois. That's not what is necessary in the state of Illinois to create a condition preceding. And I cite the Kilianek case as an example of that. And the fact that the contract involves a subcontractor doesn't mean that the rules of interpretation in the Illinois contract law suddenly change. The subcontract language here should be interpreted to mean what it plainly says. There are two requirements, and one has not been fulfilled. And this does not entail an argument, as the subcontractor suggests, that the word and be interpreted to create a condition preceding. The word and really serves to indicate that there is more than one. There are two conditions preceding. It doesn't create either of the conditions preceding. There is no support under Illinois law for dividing subcontracts into the categories of if paid and pay when paid, as the subcontractor suggests. Do you think that the restatement of contract section 227 is Illinois law? It's not. I'm not aware of any Illinois case that says that's the law. I'm aware of Illinois cases that say what the Illinois cases say. But if there was a restatement of contracts, who would prevail here? One can certainly make the argument that the subcontractor is being favored in the restatement illustration. But I will submit to this court that subcontractors are not akin to the class of widows and orphans requiring special protection of the court. They are business entities as are contractors. And when business entities enter into contracts between themselves allocating risks, those contracts should be given force and effect. And to say that it's a forfeiture, as a subcontractor does here, is merely to say that the subcontractor is going to incur a loss. If the agreement between the parties was that the general contractor would have to pay even if there was no money being paid by the owner, then that would be a forfeiture too for the general contractor by the same reason because the general contractor is incurring a monetary loss, having to pay out of its own pocket. I mean, in fact, Conti didn't follow the restatement, did he? The dissent made reference to the restatement. The dissent was resolved on the basis of the restatement. I mean, Justice Giganti wrote a dissent in that case. Right, when he said he got the restatement. Correct, correct. So following your argument with regards to the assumption of risk on the subcontractor, where in this contract is there any provision indicating that the subcontractor is assuming risk? It's in Section 5.2, which lays out the two requirements. Where does it say that they're assuming the risk? Well, it doesn't contain those words, and it shouldn't need to. How are we supposed to know that they're assuming the risk? Well, it says that they will be paid when two things happen. They have to perform the work, that work has to be approved and accepted, and the owner has to make payment to the general contractor. They're suggesting, well, it doesn't really mean what it says. What that really means is a timing provision. It doesn't say it's a timing provision. It's a requirement that's listed in the contract, and there's no Illinois case that they can cite to that follows this division of pay if paid, pay when paid, and treating these payment provisions as timing provisions. But the condition here that you're referring to, because of the last sentence, final payment is further subject to contractor's determination that all the terms, conditions, et cetera, are met here. So isn't that the condition? As long as they perform satisfactorily under the contract, and you have agreed that they've performed satisfactorily under the contract, then they're entitled to the full payment. No, that's one of two. I mean, I quote the language of page three of FCL's brief. There's two requirements right there in Section 5.2 of the subcontract, and that's one of them. But the other one is payment coming from the owner to the general contractor. Thank you. The other argument that the subcontractor raises is that even if this is a condition precedent and the parties agree that this is a condition precedent, FCL, the general contractor, ought to be barred from enforcing a condition precedent, and they suggest that FCL should be equitably estopped from enforcing it. That argument doesn't work. For there to be an equitable estoppel, there has to be a representation that was reasonably relied upon by the subcontractor, and they point to two. They claim that there was an oral representation about funding prior to the contract, but that's precluded by the integration clause in the subcontract from being relied upon. And they point to also a provision in the general contract, which gives the general contractor the right to request certain assurances from the owner regarding funding. The fact that the general contractor has the right to do something doesn't transform it into a duty to do that thing and certainly doesn't become a representation that that was done. And finally, the subcontractor argues that the general contractor prevented the condition from being fulfilled. The extent of the general contractor's inquiry into the owner's financing is not something that prevents the owner from issuing payment. The fulfillment of the condition of payment by the owner was not within the general contractor's control. The general contractor performed all that was required under the general contract. It properly submitted requests for payment, including requests for the work that was performed by the subcontractor. It's discharged all of its obligations under the contract. The general contractor was entitled to some of the judgment in this case, and the judgment of the circuit court should be affirmed. I think that covers the points. Does the court have any further questions? Thank you. Thank you. Thank you very much. We come down to the word and again. And does that create a condition precedent? Courts disfavor condition precedents. There has to be clear, unambiguous language that there is a condition precedent. And does not cut it in that regard. And to show the intent of the parties that that was not meant to be a condition precedent, if you look at Section 5.4 of the subcontractor, it says, notwithstanding the amounts and times of payments set forth above, the contractor may at any time advance payments to the subcontractor. So clearly what we're dealing with timing here when we're dealing with the term and and nothing more. It doesn't create a condition precedent. This court doesn't like condition precedents, and it doesn't like forfeitures. And that's what we're looking at here. We're looking at an attempt to create a condition precedent when their language says and, and it doesn't do anything else beyond this. And I submit it's unambiguous. It doesn't create a condition precedent. And based on that, they're looking for a forfeiture. They have control over whether or not the owner had the money. They had an obligation under the Midwest Builder distributor case to take reasonable steps to assure that the money was there. We know from the depositions they didn't. They breached it. So now even if there was a condition precedent, they would be barred from relying on one. But I submit that the plain language doesn't do it. And I ask that this court reverse the summary judgment and order the trial court to render summary judgment for a Lake County grading. And I thank you. Thank you very much. We will take this case under advisement. And I believe that the next time you fellas deal with a contract that may or may not have a condition precedent, you'll put in there this is a condition precedent or this is not a condition precedent. Then I will bet on it. I'm not a betting man. Thank you very much for the very good arguments and preparation. Thank you. Court will be adjourned.